**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIAN LIN CHEN, a.k.a. Jessica Ch Lee, a.k.a. Xiangling Chen, a.k.a. Xian Lian Chen, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74510 <br><br> Agency No. A077-340-800 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Xian Lin Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009), and we deny the petition for review.

The BIA did not abuse its discretion by denying Chen's motion to reopen as untimely where the motion was filed nearly four years after the BIA's December 19, 2002, order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2), and Chen failed to show changed circumstances in China in order to qualify for the regulatory exception to the filing deadline, *see id.* § 1003.2(c)(3)(ii); *Lin*, 588 F.3d at 988-89 (record did not show material change in enforcement of family planning laws sufficient to establish changed country conditions and excuse an untimely motion to reopen). Contrary to Chen's contention, the BIA considered the evidence she submitted and applied the correct prima facie eligibility requirement. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008).

Chen's contention that she should have been permitted to file a successive asylum application under 8 U.S.C. § 1158(a)(2)(D) is foreclosed by *Chen v. Mukasey*, 524 F.3d 1028, 1032 (9th Cir. 2008) (an alien subject to a final removal order may only reapply for asylum through a successful motion to reopen).

**PETITION FOR REVIEW DENIED.**